(No. 4260——)

ENOCH DUTTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

ROY A. PTACIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANDSEN, J.

Claimant, Enoch Dutton, seeks to recover from respondent under the Workmen's Compensation Act for a percentage loss of use of his right hand by reason of an injury that resulted from an accident arising out of and in the course of his employment as an attendant at the Chicago State Hospital, operated by the Department of Public Welfare.

No jurisdictional questions are involved, and respondent has furnished all medical treatment required in this case.

On November 25, 1949, claimant, while working some patients, slipped on an icy pavement, fell, and injured his right hand. The fifth metacarpal sustained a compound fracture.

At the time of the hearing in this case the distal ends of the fourth and fifth metacarpals were enlarged. The fourth finger was held in fixed deformity. Limitation of motion was present to a marked degree in the fourth finger, and claimant has suffered considerable loss of grip. Callous formation in the metacarpals hampered claimant's use of his hand.

From the foregoing we conclude that claimant has sustained a twenty-five per cent loss of use of his right hand. *Gray Attorney's Textbook of Medicine* (1949) Vol. 2 pars. 185.02-.05.

On the date of his accident, claimant was 41 years of age, married, but had no children under 18 years of age dependent upon him for support. Claimant had

worked for respondent only since August 1, 1949, but employees in his same category customarily earn in excess of $1,560.00 per year. His rate of compensation is, therefore, $22.50 per week.

William J. Cleary & Co., Chicago, Illinois, was employed to take and transcribe the testimony before Commissioner Tearney. Charges in the amount of $37.15 were incurred, which charges are customary and reasonable. An award is entered in favor of William J. Cleary & Co. for $37.15.

Claimant was paid full salary for three days' work he lost as a result of his accident, or the sum of $13.50. This payment for non-productive time will have to be deducted from his award.

An award is entered in favor of claimant, Enoch Dutton, under Section 8 (e) (12) of the Workmen's Compensation Act for twenty-five per cent loss of use of his right hand, or 42½ weeks at $22.50 per week, or the sum of $956.25, less overpayment of $13.50, leaving a net award of $942.75, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."